846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adrian LOMAX, Defendant-Appellant.
 No. 87-5130.
 United States Court of Appeals, Fourth Circuit.
 Argued April 18, 1988.
Decided May 13, 1988.
 
 Charles Sheperd Cox, Jr. for appellant.
 Michael R. Smythers (United States Department of Justice, Henry E. Hudson, United States Attorney on brief) for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Adrian Lomax appeals from a judgment of the district court entered after a jury verdict finding him guilty of possession of cocaine, 21 U.S.C. Sec. 844. Lomax contends that there was insufficient evidence to support the conviction; that his prosecution was unduly delayed in violation of the sixth amendment of the United States Constitution; and that the district court erred in admitting a parole report into evidence for impeachment purposes. We affirm.
 
 
 2
 At the time of the offense Lomax was a prisoner at the Lorton Reformatory. A corrections officer testified at trial that he observed Lomax in another inmate's room at a time when he was not permitted to be there. When the officer approached the room, he observed Lomax attempting to conceal something. The officer attempted a strip search of Lomax, including a body cavity search, but Lomax refused to permit it. He was taken in restraints to the prison's control center, where he was forcibly stripped and searched. He refused to open his mouth, but when it was forced open the officers found it contained two bags of a white substance. A forensic chemist testified that the bags contained 1.1 grams of a powder that contained .4 grams of pure cocaine. Lomax testified that there was nothing in his mouth, but instead the cocaine was planted on him in retaliation for previous problems he had had with the officers. Two inmates corroborated Lomax's testimony that he had nothing in his mouth.
 
 
 3
 We perceive no error in the admission of the report for impeachment purposes. The report was contained in Lomax's voluminous inmate file and the prosecuting attorney testified he first discovered the report on the night before trial. The file containing the report had been made available to Lomax's counsel some weeks before trial, and he also had failed to observe it. Lomax's counsel was afforded an opportunity to review the report immediately prior to trial and chose nonetheless to put Lomax on the stand.
 
 
 4
 We also find Lomax's other contentions lacking in merit. Accordingly, the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.